**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4598**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHANIE NEWTON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (2:10-cr-00016-JPJ-PMS-1)

───────────────

Submitted: October 25, 2011          Decided: November 4, 2011

───────────────

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

A. Benton Chafin, Jr., CHAFIN LAW FIRM, P.C., Lebanon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Allessandra Stewart, Special Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephanie Newton ("Newton") appeals the district court's judgment entered pursuant to a jury verdict convicting her of four offenses: (1) conspiracy to possess with intent to distribute and to distribute Xanax, in violation of 21 U.S.C. §§ 841(b)(1)(c), 841(b)(1)(E)(i), and 846 (2006) ("Count One"); (2) obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c) (2006); (3) conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 371 (2006); and (4) making a materially false statement to a government agency, in violation of 18 U.S.C. § 1001(a)(2) (2006). Newton now contends that the district court erred in denying her Rule 29 motion for judgment of acquittal because the evidence was insufficient to sustain each of her convictions. We reject her arguments and affirm.

We review de novo a district court's decision to deny a motion for judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010). Where such a motion alleges insufficiency of the evidence, we must sustain the jury's verdict if, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). In making this

determination, we review the record to determine whether the conviction is supported by "substantial evidence," where "substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Hickman, 626 F.3d at 763. Because the credibility of witnesses is properly assessed by the jury rather than by this court on appeal, we cannot make our own credibility determinations but must assume that the jury resolved all testimonial contradictions in the government's favor. United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011). Thus, a defendant bringing a sufficiency challenge bears "a heavy burden," and reversal for insufficient evidence "is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 428 (2010).

I.    Count One

Newton first asserts that there was insufficient evidence to convict her on Count One. Newton's counsel contends that the evidence was insufficient only because the testimony of Newton's adoptive brother, Kenneth Newton ("Kenneth"), was uncorroborated and inconsistent with his grand jury testimony. This argument is without merit. The uncorroborated testimony of

3

a single witness or accomplice may be sufficient to support a guilty verdict. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Although Newton points to Kenneth's inconsistent statements and significant criminal history as reasons to doubt his testimony, the credibility of his testimony is a matter to be determined solely by the jury, not by this court on appellate review. United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995). Because we must assume that the jury credited Kenneth's testimony, we decline Newton's request that we independently reevaluate its weight. Penniegraft, 641 F.3d at 572.

## II. Conspiracy to Obstruct and Obstructing an Official Proceeding

Newton next argues that the evidence adduced at trial was insufficient to convict her for obstructing an official proceeding for her role in informing her adoptive sister, Thelma Newton ("Thelma"), that law enforcement officials were planning to execute numerous arrest and search warrants on February 4, 2010. Newton claims that the record is devoid of evidence that she knew about the raid prior to its occurrence. The pertinent statute, 18 U.S.C. § 1512(c)(2), criminalizes conduct that "corruptly . . . obstructs, influences, or impedes any official proceeding." A defendant acts corruptly where she acts with the

4

purpose of wrongfully impeding the due administration of justice. United States v. Matthews, 505 F.3d 698, 706 (7th Cir. 2007). See also United States v. Brooks, 111 F.3d 365, 373 (4th Cir. 1997).

As the Government correctly points out, it had no obligation to prove exactly how Newton learned that the warrants were going to be executed on February 4. One of the targets of the warrants, Creed Logsdon, testified at trial that Thelma warned him about the pending raids on the basis of information received from Newton. The homes and individuals targeted by the warrants were also implicated in the larger drug conspiracies in which Newton's friends and family——including both Kenneth and Thelma——were involved. Moreover, as a consequence of the information relayed by Newton, the arrests of several of the suspects, including Logsdon, were delayed, and Logsdon was able to sweep his residence clean of evidence inculpating him in criminal activity. In these circumstances, we conclude that the evidence was sufficient to support Newton's conviction under § 1512(c)(2) for obstructing an official proceeding.

With respect to her conviction of conspiracy to obstruct an official proceeding, Newton argues that there is simply no evidence that she agreed with Thelma or any other person to warn the targets of the impending raids. Of course, "[s]ustaining a conspiracy conviction under 18 U.S.C. § 371

5

requires that the government prove: (1) an agreement between two or more people to commit a crime, and (2) an overt act in furtherance of the conspiracy." United States v. Ellis, 121 F.3d 908, 922 (4th Cir. 1997). The existence of a "tacit or mutual understanding" between conspirators is sufficient evidence of a conspiratorial agreement. United States v. Chorman, 910 F.2d 102, 109 (4th Cir. 1990). "A conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." Id. "Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." Burgos, 94 F.3d at 858.

Our review of the evidence in this case persuades us that Newton's claim must fail. Again, Logsdon testified that Thelma had received her information from Newton. The evidence at trial showed that Thelma and Newton were close relatives who had both been illegally providing prescription drugs to their brother or other persons who were targeted in the search warrants. An unusually high percentage of the targets of the February 4 warrants managed temporarily to evade the efforts of law enforcement. Moreover, Newton never objected at trial to the admission of Martha Jessup's grand jury testimony, which

6

indicated that Newton frequently tipped Thelma with advance notice of planned law enforcement actions. In our view, this array of circumstantial evidence suffices to demonstrate Newton's participation with Thelma in a common plan intended to blunt the efficacy of law enforcement investigations into the criminal activities of their compatriots. Chorman, 910 F.2d at 109.

III. Making a Materially False Statement to a Federal Agency

Finally, Newton claims that insufficient evidence supports her conviction for making a materially false statement to a federal agency. A person is guilty of making false statements to a government agency when the government proves: (1) that the defendant made a false statement to a governmental agency or concealed a fact from it or used a false document knowing it to be false; (2) the defendant acted knowingly or willfully; and (3) the false statement or concealed fact or false document was material to a matter within the jurisdiction of the agency. United States v. Sarihifard, 155 F.3d 301, 306 (4th Cir. 1998). In determining whether a statement is material, it is irrelevant whether the false statement actually influenced or affected the decision-making process of the agency or fact finding body. Sarihifard, 155 F.3d at 307. Instead, a

7

statement is material "if it has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed." <u>United States v. Littleton</u>, 76 F.3d 614, 618 (4th Cir. 1996). A false statement's capacity to influence the fact finder must be measured at the point in time that the statement was uttered. <u>Sarihifard</u>, 155 F.3d at 307.

Contrary to Newton's assertions, we are convinced that either of Newton's statements to Special Agent Levesque suffices to support her conviction under 18 U.S.C. § 1001(a)(2). The evidence adduced at trial demonstrated that the statements were false, and both of the false representations made by Newton had the capacity to influence Levesque's ongoing investigation. <u>Sarihifard</u>, 155 F.3d at 307. As a result, sufficient evidence supports her conviction under § 1001.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

8